IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRANDON MONTGOMERY                                                    PLAINTIFF

v.                                    Civil No. 06-4070

OFFICER THEARDIS EARLY                                               DEFENDANT

## ORDER

This is a civil rights action filed by the plaintiff pursuant to 42 U.S.C. § 1983. The plaintiff

proceeds pro se and *in forma pauperis.* At the time the complaint was filed, plaintiff was

incarcerated in the Lafayette County Jail.

Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in

which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. § 1915A(a). On review, the court is to dismiss the complaint, or

any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Montgomery contends he was unlawfully arrested in Louisiana and brought back to

Arkansas to face criminal charges. As relief, he seeks dismissal of the pending criminal charges.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the

Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid" is not cognizable until "the conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such a determination, or called into question by a federal court's issuance of

a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

-1-

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113.

To the extent Montgomery's complaint can be read as seeking release from incarceration, such relief is not available under 42 U.S.C. § 1983. *Presier v. Rodriguez*, 411 U.S. 475, 487-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Instead, Montgomery must bring a habeas petition after exhaustion of his state remedies. *Id.*

For the reasons stated, this case is not presently cognizable under § 1983. The case is hereby dismissed without prejudice.

IT IS SO ORDERED this 30th day of October 2006.

/s/ Harry F. Barnes
HON. HARRY F. BARNES
UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)